# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| OCTAVIUS CHYNE COX, #2844175 | * | |
| Petitioner | * | |
| v. | * | Civil Action No. GLR-13-1264 |
| STATE OF MARYLAND | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM

The above-captioned self-represented case was filed on April 29, 2013, by Petitioner Octavius Chyne Cox ("Cox"), and docketed as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1] Cox complains that since September 27, 2011, he has been held in the Baltimore City Detention Center awaiting trial for a crime he did not commit. Cox alleges his assigned public defender has not been able to secure his bail and that his speedy trial rights have been violated. Cox indicates that his self-represented State habeas corpus request has been denied. He seeks release from confinement and dismissal of his pending state charges. ECF No. 1.

The Petition is subject to the exhaustion requirement of 28 U.S.C. § 2254(b), which applies to petitions filed pursuant to 28 U.S.C. § 2241. See Francis v. Henderson, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); see also Timms v. Johns, 627 F.3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to § 2241 petition challenging civil

---

[1] Cox did not submit the $5.00 filing fee, nor did he provide a Motion and Affidavit requesting leave to file in forma pauperis. Given the outcome of this case, Cox shall not be required to correct this deficiency.

commitment). Thus, before filing a federal habeas petition, Cox must exhaust each claim presented by pursuing remedies available in state court. See Rose v. Lundy, 455 U.S. 509, 521 (1982). The claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. See Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Exhaustion includes appellate review, if available, in the Maryland Court of Special Appeals and the Maryland Court of Appeals. See Granberry v. Greer, 481 U.S. 129, 134-35 (1987). The state courts must be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally-guaranteed rights. See Preiser v. Rodriguez, 411 U.S. 475 (1973).

Maryland's electronic case system demonstrates that Cox is held in two criminal cases[2] on multiple charges of attempted first- and second-degree murder, assault, firearm offenses, and attempted armed robbery for incidents occurring September 24, 2011. No bail was set. Trial was postponed because Cox was deemed incompetent to stand trial. His competency has been reestablished. A jury trial is set for June 10, 2013.

Under Maryland law, Cox may challenge the state court's bail determination by filing a petition for writ of habeas corpus in the state circuit court. See Md. Code Ann., Cts. & Jud. Proc. §§ 3-701-3-707 (2012); Md. Rules §§ 15-301-15-312 (2012). Cox may apply for leave to appeal the denial of a writ of habeas corpus challenging the appropriateness of a bail determination. Md. Code Ann., Cts. & Jud. Proc. § 3-707 (2012). The electronic record does not show that Cox has exhausted his claim of entitlement to bail, nor has he exhausted his claim that his speedy trial rights have been violated.

---

[2] See Case Nos. 111287020 and 111287021, http://casesearch.courts.state.md.us/inquiry/inquirySearch.jis.

Special circumstances justifying this Court's intervention do not exist where there are procedures in place to protect a petitioner's constitutional rights. See Moore v. DeYoung, 515 F. 2d 437, 449 (3rd Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); Drayton v. Hayes, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); see also Younger v. Harris, 401 U.S. 37 (1971).

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion. See 28 U.S.C. § 2253(c) (1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253 (c) (2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid clam of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rouse v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. Daniel, 529 U.S. 473, 484 (2000)). The Court will not issue a COA because Cox has not made the requisite showing.

A separate Order dismissing this case without prejudice and denying a certificate of appealability follows.

May 13, 2013                                             /s/
                                                    _____
                                                    George L. Russell, III
                                                    United States District Judge